UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES PROCHE,
        Petitioner,                                No. 2:13-cv-13117
vs.                                                  Hon R. Allan Edgar
                                                           United States District Judge
MARK LEVENHAGEN,
        Respondent.
_____/

## OPINION AND ORDER

      Petitioner James Proche, a Michigan Department of Corrections inmate, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction. At a bench trial, Petitioner was convicted of armed robbery (Mich. Comp. Laws § 750.529), felon in possession of a firearm (§ 750.224f), and felony-firearm (§ 750.227b-a). He was sentenced to 14 to 25 years for armed robbery, 2 to 5 years for being a felon in possession of a firearm, and 2 years imprisonment for felony-firearm.

      Petitioner maintains that his conviction was obtained in violation of his federal rights. Petitioner's sole claim is that

> The identification of Petitioner as the perpetrator of the crime at issue was premised upon an impermissibly suggestive police confrontation/identification procedure, taking place at the scene of the crime, which involved the victims identifying Mr. Proche as the person who had robbed them, while the Petitioner was under arrest, presumably handcuffed, and in the back of a police car, shortly after the robbery occurred. This procedure gave rise to a very substantial likelihood of irreparable misidentification, which tainted subsequent identifications of the Petitioner as the criminal involved, in violation of his due process rights, thus rendering subsequent identifications unreliable, and requiring that his conviction be reversed.

ECF No. 1 at 7; PageID.7. The parties have briefed the issues and the matter is now ready for a decision. After reviewing the claims, this Court concludes that Petitioner has not exhausted this issue.

      This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application

for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Respondent argues that Petitioner's claim is not exhausted because this issue was not fully presented to the state courts. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Although the most obvious way to alert the state court of a constitutional claim is to cite to the constitution itself, the petitioner need not cite the constitution. The Sixth Circuit has noted four actions a defendant may take which are significant to the determination whether a claim has been "fairly presented" "(a) reliance on federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis, (c) assertion of the claim in terms so particular as to call to mind a specific constitutional right, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney General*, 696 F.2d 186, 193-94 (2d Cir.1982)); *accord Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Fair presentation has a substantive and procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through

citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

"There is no requirement that the petitioner cite to cases that employ federal constitutional analysis where he has phrased his claim in terms of a denial of a specific constitutional right." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (citing *Carter v. Bell*, 218 F.3d 581, 606-07 (6th Cir. 2000)). Further, the fact that the state courts neglected a petitioner's federal claim does not deprive the federal court of jurisdiction. *Newton*, 349 F.3d at 877 (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) ("[T]he exhaustion requirement cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely presented in petitioner's brief in state court.") (internal quotations omitted)). *See also Fulcher v. Motley*, 444 F.3d 791, 2006 WL 996615 (6th Cir. Apr. 18, 2006).

Petitioner's brief on his appeal as of right to the Michigan Court of Appeals did not fairly present *this* issue. In his brief, Petitioner argued that "[t]he identification evidence presented at trial was insufficient to sustain Mr. Proche's convictions." ECF No. 7 at 7; PageID.486. Although Petitioner may have mentioned the words "extremely suggestive" and cited to one federal case, *United States v. Rogers*, 126 F.3d 655, 657–58 (5th Cir. 1997), the Petitioner was challenging the sufficiency of the evidence. Petitioner did not fairly provide the Michigan Court of Appeals with state or federal cases employing constitutional analysis, nor did he assert this claim or a fact pattern in a way that would notify the state courts. *McMeans*, 228 F.3d at 680. Petitioner did not identify the two-step test for impermissibly suggestive identification, nor did he identify the five-factors for determining the likelihood of misidentification under *Neil v. Biggers,* 409 U.S. 188, 199 (1972). This failure to present is supported by the Michigan Court of Appeals' application of a sufficiency of the evidence standard, and deferral to the trier of fact as to the credibility of the identification testimony. *Michigan v. Proche*, No. 299203, 2012 WL 500231 (Mich. Ct. App. Feb. 14, 2012). This issue was not fairly presented to the Michigan Court of Appeals, and is not exhausted.

Petitioner is also not saved when he presented this issue in more detail on discretionary appeal to the Michigan Supreme Court.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990).  Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts.  Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

Moreover, an applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  Because Petitioner's claim has not been exhausted, and there is one state remedy available to raise this issue, the Court will dismiss the Petitioner's habeas corpus application without prejudice**.**

The Court holds that Petitioner's claim is unexhausted.  In addition, if Petitioner should choose to appeal this action, the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.  The Court examined Petitioner's claim under the *Slack* standard and concludes that reasonable jurists could

not find that a dismissal of each of Petitioner's claims was debatable or wrong.  This Court **DENIES A CERTIFICATE OF APPEALABILITY** as to this issue.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith.  Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is hereby DENIED.

Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:  4/13/2016                               */s/ R. Allan Edgar*
                                                R. Allan Edgar
                                                United States District Judge